ROBERTS COMPANY v. ALADDIN KNIT MILLS, INC.

No. 7011SC80

(Filed 15 July 1970)

1. Trial § 3— motion for continuance — discretion of court

A motion for continuance is addressed to the sound discretion of the trial judge, and his ruling thereon is not reviewable in the absence of manifest abuse of discretion.

2. Trial § 51— motion to set aside verdict as contrary to evidence — discretion of court

Defendant's motion to set aside the verdict as being against the weight of the evidence is addressed to the sound discretion of the trial judge, and his ruling thereon is not reviewable on appeal in the absence of abuse of such discretion.

3. **Trial § 49— newly discovered evidence — new trial — rebuttal evidence**

Evidence which is merely contradictory of the evidence of the adverse party is insufficient to invoke the discretionary power of the court to order a new trial for newly discovered evidence.

4. **Sales §§ 10, 15; Trial § 40— goods sold and delivered — counterclaim for breach of warranty — issues — burden of proof of compliance with warranty**

In this action to recover the balance of the purchase price for machinery sold and delivered and for services rendered in installing the machinery wherein defendant counterclaimed for the down payment it had made on the machinery and for damages allegedly incurred because of plaintiff's breach of warranty, the issues submitted to the jury adequately presented the entire case, and any relevance in defendant's contention that the burden of proof was placed incorrectly on the question of whether the machines complied with the warranty was dispelled by the jury's determination that there was no warranty.

5. **Trial §§ 10, 45; Contracts § 29; Damages § 16— issue of damages — necessity for dollar amount in verdict — expression of opinion by court**

Where the jury originally answered the issue of damages as "amount specified in contract," the trial judge did not suggest an answer to the jury in violation of G.S. 1-180 when he informed the jury that the verdict should be in some dollar amount and inquired if they intended the amount set forth in the complaint, and all members of the jury confirmed that this was their intention and agreed to such amount which had been written on the issue sheet by the jury foreman.

6. **Contracts § 29— action on contract — recovery of amounts due on installment — lack of acceleration clause**

In this action to recover the balance of the purchase price for machinery sold and delivered, the trial court did not err in directing in its judgment that plaintiff is entitled to recover in this action only such portion of the indebtedness as was due at the time the action was filed, where the written contract sued on obligated defendant to pay the purchase price of the machinery in monthly installments and contained no acceleration clause making the entire contract price due if defendant defaulted in paying any monthly installment.

APPEALS by plaintiff and defendant from *McKinnon, J.,* August 1969 Civil Session of LEE Superior Court.

This civil action was instituted on 6 January 1969 in the Superior Court of Lee County to recover balance of purchase price for machinery sold and delivered and for services rendered in connection with installation of the machinery in defendant's mill at Lincolnton, N. C. On 6 February 1969 defendant filed motion to stay the action pending determination of a prior action brought by defendant against plaintiff in New York. On the same date defend-

ant filed answer, admitting purchase of the machinery for the agreed price, making of a down payment, but denying liability for the balance. In a first further answer defendant alleged that plaintiff had warranted the machinery in certain respects, that the machinery did not answer to the warranties and was not as represented, and that within a reasonable time after learning of the breach of the warranties defendant had elected to rescind. In a second further answer defendant alleged it had suffered certain damages by incurring costs of removing the equipment, loss of production, wasted material and labor, loss of profits, and in other respects. Defendant counterclaimed for the down payment it had made on purchase of the machinery and for damages it had suffered.

On 28 April 1969 defendant's motion to stay the action pending determination of the New York proceedings was denied by order of Judge George R. Ragsdale. In the same order the case was set peremptorily as the first jury case for trial at the 4 August 1969 Session of Lee Superior Court.

On the 1969-70 schedule of superior courts for Lee County, a criminal session was set for the first week in August and a civil session was set for the week commencing 28 July 1969. On 17 June 1969 plaintiff's counsel notified North Carolina counsel who had filed answer for defendant of this change in the court's schedule and on 24 June 1969 plaintiff's counsel received a reply stating that the North Carolina firm of attorneys who had filed answer for defendant had withdrawn from the case. On 3 July 1969 plaintiff's attorney issued a calendar notice on the form in use in the courts of Lee County requesting the case be calendared for trial at the session beginning 28 July 1969 and referred to Judge Ragsdale's order of 28 April 1969. A copy of this notice was sent to New York attorneys for defendant. On 11 July 1969 the clerk of Lee Superior Court received a letter from the New York attorneys requesting continuance of the trial until October 1969. One member of the New York firm of attorneys was chief executive officer and principal stockholder of defendant corporation at the time of institution of this action. This New York firm represented defendant in the action in the State of New York. On 16 July 1969 the New York attorneys, including the chief executive officer of defendant corporation, came to Sanford, N. C., and contacted attorney Robert L. Gavin with reference to appearing for defendant in the pending case. On that date the New York attorneys with Mr. Gavin also attempted settlement negotiations with plaintiff's attorney and the president of plaintiff corporation, but no settlement resulted.

Upon call of the calendar at the opening session of superior court on 28 July 1969, attorney Robert L. Gavin appeared for defendant and again moved for a continuance of the case, at the same time informing the court and plaintiff's counsel that the New York action had been dismissed by filing a stipulation of discontinuance in that action on 22 July 1969. Motion to continue was denied.

Upon the trial both parties introduced evidence. Defendant's evidence tended to show that the machines had not worked properly and that extensive reworking and repair by plaintiff had not made them work. Plaintiff's evidence in rebuttal tended to show that the type of raw material which defendant attempted to process through the machines, being solution dyed acrylic fiber, had not been properly pre-processed before defendant attempted to process it through the machinery. Defendant's motion for nonsuit at the close of all the evidence was denied.

Issues were submitted to the jury and answered as follows:

"1. Were the AcroFeed-DynaCards unfit for the ordinary purposes for which they were manufactured?

ANSWER: No

2. Did Roberts at the time of contracting have reason to know of the particular purpose for which the AcroFeed-DynaCards were required and that Aladdin was relying on Roberts' skill or judgment to furnish equipment for that purpose?

ANSWER: No

3. If so, were the AcroFeed-DynaCards unfit for that purpose?

ANSWER: ................

4a. Did the Roberts Company warrant to Aladdin Knit Mills, Inc. that the AcroFeed-DynaCards would effectively convert staple into first quality acrylic sliver in the manufacturing process in which they were to be used by Aladdin?

ANSWER: No

4b. Did Roberts warrant to Aladdin that the AcroFeed-DynaCards would produce such sliver at the rate of 90 to 120 pounds per hour in the manufacturing process in which they were to be used by Aladdin?

ANSWER: No

4c. Did Roberts warrant to Aladdin that the AcroFeed-DynaCard would produce sliver of a quality to meet US Gov-

ernment specifications for acrylic sandbag cloth in the manufacturing process in which they were to be used by Aladdin?

ANSWER: No

5. If so, did Roberts Company breach any of such warranties?

ANSWER: ..... ..........

6. If so, did Aladdin within a reasonable time give notice of its election to rescind the contract?

ANSWER: ................

7. If so, what amount is Aladdin entitled to recover of Roberts?

ANSWER: ................

8. If not, in what amount is Aladdin indebted to Roberts?

ANSWER: Amount specified in contract. $43,719.65."

The court entered judgment reciting the verdict and containing the following:

"[T]he Court upon the evidence and pleadings having found as a conclusion of law:

1. That the terms of payment of the subject machinery contract were '20% down, with balance payable in not less than 36 nor more than 60 monthly installments.'

2. That the unpaid balance on said machinery contract is $40,731.95 and the defendant was entitled to pay the same in 60 equal monthly installments commencing October 28, 1968, with interest on each installment after maturity at the rate of 6% per annum.

3. That plaintiff is entitled to recover from the defendant in this action only such portion of the said indebtedness as was due at the time the action was filed on January 6, 1969, to wit:

(a) Three (3) monthly installments on the machinery contract of $678.86 each with interest thereon from their respective due dates of October 28, November 28, and December 28, 1968; and

(b) The sum of $2,987.70 representing the purchase price of 132 sliver cans with interest thereon at the rate of 6% per annum from September 18, 1968.

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED:

1. That the defendant is indebted to the plaintiff in the amount of $43,719.65.

2. That of said indebtedness plaintiff is entitled to have and recover of the defendant in this action the sum of $5,024.28 with interest at the rate of 6% per annum, on the monthly installments of $678.86 from October 28, November 28, and December 28, 1968, respectively, and on the sum of $2,987.70 from September 18, 1968, until paid, together with the costs of this action.

3. That the defendant's counterclaim against the plaintiff be, and the same is hereby dismissed.

Entered this 23 day of August, 1969, at Lumberton, North Carolina, the parties having stipulated and agreed to the entry of said Judgment out of Term and out of District.

s/ Henry A. McKinnon, Jr.<br>Judge"

Both parties excepted and appealed to the Court of Appeals.

*McDermott & Parks, by George M. McDermott and O. Tracy Parks, III, for plaintiff appellant-appellee.*

*James M. Kimzey for defendant appellant-appellee.*

PARKER, J.

Both parties have filed briefs in their capacities both as appellant and as appellee. Rule 28 of the Rules of Practice in the Court of Appeals provides that the appellant's brief "shall contain, properly numbered, the several grounds of exception and assignment of error with reference to the pages of the record, and the authorities relied on classified under each assignment." Neither party as appellant has complied with this rule. This failure has added considerably to our difficulty in attempting to review their contentions, particularly in view of the large number of assignments of error noted in the record on appeal by the defendant as appellant. We have nevertheless undertaken to review both appeals upon the merits.

## DEFENDANT'S APPEAL

[1, 2]  Defendant-appellant contends there was error in the trial court's discretionary rulings on motion for continuance, motion to

set aside the verdict as being against the weight of the evidence, and motion for new trial because of newly discovered evidence. We find these contentions to be without merit. The record reveals that defendant's motion for a continuance was given most careful consideration by Judge McKinnon, who entered an order dated 28 July 1969 making full findings of fact from which the court concluded that "any lack of readiness for trial at this session results from a lack of due diligence on the part of defendant." (The court also found from the facts that no part of this lack of diligence is due to any action on the part of attorney Gavin.) A motion for continuance is addressed to the sound discretion of the trial judge and his ruling thereon is not reviewable in the absence of manifest abuse of discretion. 7 Strong, N.C. Index 2d, Trial, § 3, p. 258. Defendant's motion to set aside the verdict as being against the weight of the evidence was also addressed to the sound discretion of the trial judge, and his ruling in this respect is not reviewable on appeal in the absence of abuse of such discretion. *Goldston v. Chambers,* 272 N.C. 53, 157 S.E. 2d 676. Review of the entire record in this case clearly reveals there was no abuse of discretion on the part of the trial court.

[3]    The newly discovered evidence which defendant contends entitled it to a new trial amounted essentially only to evidence in rebuttal to plaintiff's evidence. Evidence "which is merely contradictory of the evidence of the adverse party, is insufficient to invoke the discretionary power of the court to order a new trial for newly discovered evidence." 7 Strong, N.C. Index 2d, Trial, § 49, p. 366.

[4]    Defendant-appellant also argues there was error in submission of the issues to the jury, in that so defendant contends, plaintiff had the burden of proving that the machines failed to work properly because of some factor outside of its warranty, and that the issues did not properly reflect this burden. In our opinion the issues submitted to the jury did adequately present the entire case, and any relevance in defendant-appellant's contention that the burden of proof was placed incorrectly on the question as to whether the machines complied with the warranty, was dispelled by the jury's determination that there were no warranties.

[5]    Defendant-appellant also contends that the trial judge violated G.S. 1-180 in taking the verdict of the jury. The jury originally answered issue 8, as to what amount Aladdin was indebted to Roberts, in the form "amount specified in contract." The trial court informed the jury that the verdict should be in some dollar amount,

and inquired if they intended the amount set forth in the complaint. All members of the jury confirmed that this was their intention and agreed to the figure of $43,719.65 as was written on the issue sheet by the jury foreman. Under the circumstances, we find there was no expression of opinion by the trial judge in violation of G.S. 1-180 as is contended by defendant-appellant. The judge did not, by his question, suggest an answer to the jury; he merely elicited from them confirmation of the clear implication of the answer which they had originally given to issue No. 8. There was no error in this respect.

We have carefully examined defendant-appellant's other assignments of error and find them to be without merit.

## PLAINTIFF'S APPEAL

[6] Plaintiff-appellant's single contention made in its appeal is that there was error in the form of the judgment which directed that plaintiff is entitled to recover in this action only such portion of the indebtedness as was due at the time the action was filed. Plaintiff's argument in this respect is that the contract was in effect repudiated by defendant, and for that reason judgment should have been rendered for the entire contract price. However, the contract sued upon by the plaintiff was in writing and obligated defendant to pay the purchase price for the machinery only in monthly installments. There was no acceleration clause making the entire contract price due in event defendant should default in paying any monthly installment. "In the absence of such a provision for acceleration, a failure to pay some of the installments entitles the creditor to recover only the amount of the unpaid installments." 17A, C.J.S., Contracts, § 507, p. 811. The courts will enforce the contract of the parties, but they may not write a new agreement for them.

Upon careful examination of the entire record as it relates to the appeals of both parties, we have found no error.

No error.

CAMPBELL and HEDRICK, JJ., concur.