Wilson v. Young

HAROLD VANCE WILSON v. CHARLEES EDISON YOUNG

No. 7225SC234

(Filed 24 May 1972)

1. Automobiles § 46— opinion testimony as to speed — harmless error

The admission of testimony as to the speed of plaintiff's vehicle, if error, was not prejudicial where the testimony went only to the issue of contributory negligence, and that issue was not reached by the jury because it found no actionable negligence on the part of defendant.

2. Trial § 51— motion to set aside verdict — review

A motion to set aside the verdict as being contrary to the greater weight of the evidence is addressed to the discretion of the trial court, and its ruling thereon will not be reviewed in the absence of a showing of abuse.

APPEAL by plaintiff from *Snepp, Judge,* 12 October 1971 Session of Superior Court held in BURKE County.

Plaintiff instituted this action to recover for personal injuries and property damage sustained in a collision with an automobile owned and driven by defendant. The accident occurred on Rural Paved Road 1803 at approximately 10:30 a.m. on 24 December 1969.

Plaintiff's evidence tended to show that he was operating his 1966 Ford truck in a northwesterly direction at a speed of 45 to 50 miles per hour; that as he entered a curve to his left he first observed the defendant approaching from the opposite direction. Defendant was looking over his left shoulder to the rear and was three to four feet across the center line into plaintiff's lane. In order to avoid defendant, plaintiff pulled the

right side of his vehicle onto the right shoulder of the road and applied brakes. Despite this maneuver, he was struck by defendant and the impact sent plaintiff's vehicle over an embankment.

Defendant's evidence tended to show that he was travelling in a southeasterly direction at about 30 to 35 miles per hour on the right hand side of the road. He had already gone around the aforementioned curve when he first saw plaintiff. Plaintiff was about 100 feet away when he first saw him and was in continuous view until the time of the collision. In defendant's opinion, plaintiff was travelling about 60 to 65 miles per hour. Plaintiff went off to the side of the road on his right. Plaintiff pulled back onto the road and thereupon struck defendant.

Issues of negligence, contributory negligence and damages were submitted to the jury, which found no negligence on the part of defendant. From judgment entered on the verdict, plaintiff appealed.

*West and Groome by Ted G. West for plaintiff appellant.*

*Patton, Starnes and Thompson by Thomas M. Starnes for defendant appellee.*

VAUGHN, Judge.

[1] Plaintiff assigns as error the admission of testimony by the defendant as to the speed of plaintiff's vehicle. Whether or not this type of evidence is admissible depends, to a large degree, on the witness' opportunity for observation and what advantage he takes of that opportunity. The evidence as to plaintiff's speed went only to the issue of contributory negligence. "The verdict on the first issue, *i.e.*, that the male defendant was not guilty of any actionable negligence, necessarily required that judgment be entered against the plaintiff, and rendered the issue of contributory negligence and the instructions thereon immaterial." *Call v. Stroud,* 232 N.C. 478, 61 S.E. 2d 342; see also, *Key v. Woodlief,* 258 N.C. 291, 128 S.E. 2d 567; *Peel v. Calais,* 224 N.C. 421, 31 S.E. 2d 440. Assuming, without deciding, that the testimony as to plaintiff's speed would have been inadmissible over proper objection, its admission in the present case did not constitute prejudicial error.

[2]　Plaintiff further assigns as error the trial court's denial of his motion to set aside the verdict as being contrary to the greater weight of the evidence. "A motion to set aside the verdict as being contrary to the greater weight of the evidence is addressed to the discretion of the trial court, and its ruling thereon will not be reviewed in the absence of showing of abuse." *Chalmers v. Womack,* 269 N.C. 433, 152 S.E. 2d 505; see also, *Martin v. Underhill,* 265 N.C. 669, 144 S.E. 2d 872; *Roberts v. Mills, Inc.,* 8 N.C. App. 612, 175 S.E. 2d 289. No abuse of discretion appears in this case. In the trial from which plaintiff appealed, we find no prejudicial error.

No error.

Judges BROCK and HEDRICK concur.