RUTH WALTERS v. THE SANFORD HERALD, INC.

No. 7611DC222

(Filed 20 October 1976)

1. **Libel and Slander § 1— libel action by private individual — proof of fault**

    A plaintiff in a civil action for libel, if he is a private citizen and not a public official or a public figure, can recover only if he alleges and proves fault, or at least negligence, on the part of defendant publisher in publishing false and defamatory statements.

2. **Libel and Slander § 5— libel action — plaintiff charged with "public nuisance" — failure to show fault**

    The trial court properly dismissed a libel action by plaintiff, a private individual, based on defendant newspaper's alleged publication of a false statement that plaintiff had been charged with "public nuisance" where plaintiff failed to allege or show fault on the part of defendant either in the form of negligence or actual malice.

**3. Libel and Slander § 7— refusal to retract — no showing of fault**

A newspaper's failure to retract an alleged false statement after being requested to do so does not create the fault required in a private individual's action for libel.

Judge BRITT concurs in the result.

APPEAL by plaintiff from *Pridgen, Judge.* Judgment entered 15 January 1976 in District Court, LEE County. Heard in the Court of Appeals 10 June 1976.

This is a civil action to recover damages which the plaintiff alleges she sustained as the result of a publication in defendant's 9 September 1974 newspaper, under a column titled "Police Blotter," of the statement, "Ruth Walters, 503 Bragg Street, public nuisance." The defendant failed and refused to retract or correct the statement after it was requested to do so. Plaintiff further alleges that she was never charged with such offense and has suffered humiliation and damaged reputation to the extent of $4,000 as a result of the publication and is also entitled to $1,000 punitive damages.

Defendant answered and admitted publication of the statement but alleged as a defense that it was a fair and accurate report, published without malice, of charges against plaintiff found in a warrant stating that plaintiff "did unlawfully, wilfully, keep within the City a dog which, by prolonged and habitual barking, causes serious annoyance to neighboring residents in violation of an ordinance of the city of Sanford bearing the caption 'Nuisance' and constituting Section 5-12 of the City Ordinance." In its answer, defendant also alleged that the complaint failed to state a claim upon which relief can be granted and asked that the action be dismissed.

When the case came on for trial, the court proceeded to hear defendant's motion. In support of its motion, the defendant filed as exhibits a certified copy of the warrant, a certified copy of a paper entitled "Sanford Police Department Complaint Sheet" from which defendant got the information, and a certified copy of Section 5-12 of the Sanford City Code of Ordinances. The court found, at the request of plaintiff's attorney, that the words "Public Nuisance" did not appear in the warrant, the Complaint Sheet, or the City Ordinance and that there was no record kept by the Sanford Police Department titled "Police Blotter." The court also found that the word "Nuisance" did appear in the warrant, the Complaint Sheet, and the City Ordi-

nance. The trial judge then considered the pleadings, the afore-said matters and exhibits outside of the pleadings, and the arguments of counsel and concluded that the action should be dismissed. The action was dismissed and plaintiff appealed.

*J. W. Hoyle, for plaintiff.*

*Woodrow W. Seymour, and Lassiter & Walker, by Wm. C. Lassiter, for defendant.*

MARTIN, Judge.

The crucial question in this case is whether the plaintiff, a private individual, is entitled to recover damages based upon the publication of an alleged defamatory falsehood without alleging and showing fault on the part of the defendant publisher.

In *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 347, 41 L.Ed. 2d 789, 809, 94 S.Ct. 2997, 3010 (1974), the Supreme Court of the United States established the following rule applicable to plaintiffs in libel actions who are not public officials or public figures:

> "We hold that, so long as they do not impose liability without fault, the States may define for themselves the appropriate standard of liability for a publisher or broadcaster of defamatory falsehood injurious to a private individual."

In a concurring opinion, Mr. Justice Blackmun pointed out that the Court in the *Gertz* case ". . . now conditions a libel action by a private person upon a showing of negligence. . . . " *Gertz v. Robert Welch, Inc., supra* at 353, 41 L.Ed. 2d at 813, 94 S.Ct. at 3014.

[1]  Thus, under the *Gertz* decision, a plaintiff in a civil action for libel, if he is a private citizen and not a public official or a public figure, can recover only if he alleges and proves fault, or at least negligence, on the part of the defendant publisher in publishing false and defamatory statements.

Prior to the decision of the United States Supreme Court in the *Gertz* case, this jurisdiction, as well as others, clearly established that a publication charging that someone had committed a crime constituted libel per se and both malice and actual damages were presumed. See *Flake v. Greensboro News Company*, 212 N.C. 780, 195 S.E. 55 (1938). Under *Gertz*, there is no presumption of malice and damages, and fault must be

alleged and established by a private citizen who seeks to recover for a defamatory falsehood.

[2]   The pleadings and matters outside the pleadings considered by the trial judge in the instant case fail to state a claim upon which relief can be granted under the Supreme Court decision in the *Gertz* case for the reason that they contain no allegation or showing of fault on the part of the defendant in publishing the item complained of. Moreover, there is no allegation that the defendant was guilty of negligence in making the publication, nor is there any allegation that the defendant published false and defamatory matter with knowledge of falsity or with reckless disregard.

[3]   Plaintiff argues that defendant's failure to retract the news story after being requested to do so was sufficient to satisfy the fault requirement of the *Gertz* case. However, the fault required by the *Gertz* decision relates to some act or omission of the publisher at the time of publication. An allegation or showing of a failure to retract has no probative value or effect upon what a publisher did or failed to do at the time of the publication. Therefore, a failure to retract does not create the fault required by the *Gertz* decision.

The plaintiff made no allegation or showing of fault upon the part of the defendant either in the form of negligence or actual malice. The defendant's motion to dismiss having been made pursuant to Rule 12(b)(6), the trial court properly considered matters outside the pleadings, thereby treating the motion as one for summary judgment under Rule 56, and properly dismissed the case on its merits.

Affirmed.

Judge HEDRICK concurs.

Judge BRITT concurs in the result.