JOYCE McKINNEY v. AVERY JOURNAL, INC., BERTIE CANTRELL AND JUDY BENFIELD

No. 8924SC1087

(Filed 17 July 1990)

1. **Libel and Slander § 16 (NCI3d) — articles published in paper — no negligence or fault — summary judgment proper**

    Summary judgment was proper for defendants on plaintiff's libel claim where plaintiff failed to show that defendants were at fault or negligent in publishing two articles about her in the local newspaper, since defendant editor relied on wire service stories published in leading newspapers in the state to get information for the stories in question; as a matter of law, defendant's reliance on the wire service stories could not constitute negligence on her part; and defendant was not negligent in relying on the sheriff to gain information regarding plaintiff's being listed on Interpol or as to the status of warrants sworn out against plaintiff.

    **Am Jur 2d, Libel and Slander §§ 184, 251, 252.**

2. **Trespass § 2 (NCI3d) — newspaper articles about plaintiff's involvement in rape — no intentional infliction of emotional distress**

    Publication of articles about plaintiff's past involvement in a kidnapping and sexual offense in Europe, based on articles previously printed in reputable newspapers and information

provided by the sheriff, did not constitute intentional infliction of emotional distress, and the trial court properly entered summary judgment for defendants, where plaintiff failed to show outrageous conduct along with intent to cause distress.

**Am Jur 2d, Negligence §§ 257, 258; Trespass §§ 6, 8.**

APPEAL by plaintiff and cross-appeal by defendants from order entered 15 May 1989 by *Judge Robert W. Kirby* in AVERY County Superior Court. Heard in the Court of Appeals 30 April 1990.

Plaintiff instituted this civil action on 28 July 1988, seeking compensatory and punitive damages from defendants for libel and defamation, invasion of privacy, intentional infliction of emotional distress, unfair and deceptive trade practices, and civil conspiracy. After a hearing and review of all the documents filed by the parties, the trial court entered an order, *inter alia*, granting defendants' summary judgment motion as to the libel cause of action, and dismissing all the other claims. Costs were taxed against the plaintiff. Plaintiff appeals these aspects of the order. The court also denied defendants' motion for sanctions pursuant to G.S. § 1A-1, Rule 11. Defendants appeal this portion of the order.

*C. Gary Triggs, P.A., by C. Gary Triggs, for plaintiff-appellant.*

*Everett, Hancock & Stevens, by Hugh Stevens, for defendants-appellees.*

JOHNSON, Judge.

This dispute arose from an altercation between plaintiff and her neighbor, defendant Benfield, in August, 1986, in which plaintiff complained that she was being disturbed by the barking of Mrs. Benfield's dogs. As a result, the women swore out warrants against each other. The *Avery Journal* published two articles about the charges on 14 and 21 August 1986. Plaintiff complains about three statements published:

> Ms. McKinney made international headlines several years ago for allegedly kidnapping and raping a Mormon missionary in London, England. Ms. McKinney fled Europe before the trial was over and is still listed in Interpol although authorities in England have made no attempt to extradite her.

Ms. McKinney could not be reached for comment . . . Avery County Sheriff's Department has been unable to locate Ms. McKinney.

Joy McKinney never came in to have the warrant served and make bond and has apparently left the county in an attempt to avoid arrest.

This case has a long procedural history which, along with certain evidence, we shall describe below as needed to address questions raised by the parties.

By her first Assignment of Error, plaintiff contends that the trial court erred in allowing defendants' motion pursuant to G.S. § 1A-1, Rule 36, that the defendants' first request for admissions be deemed admitted by plaintiff. We believe that there was sufficient evidence before the trial court to support its granting of summary judgment for defendants without relying on any admissions by plaintiff. The requested admissions were also not needed to dispose of plaintiff's other claims. Since the determination of the Rule 36 question would not have any effect on the outcome of this action, we find it unnecessary to address the issue.

[1] By her second Assignment of Error, plaintiff argues that the trial court erred in granting defendants' summary judgment motion as to her libel claim. We find no error.

The landmark case of *New York Times v. Sullivan*, 376 U.S. 254, 11 L.Ed.2d 686 (1964), established that a public official could not recover damages for a defamatory statement relating to his conduct in office absent a showing that the statement was made with "actual malice," that is, with knowledge that the statement was false or with reckless disregard for its veracity. In the absence of actual malice, such statement is protected by the First Amendment. *Id.; Cline v. Brown*, 24 N.C. App. 209, 210 S.E.2d 446 (1974), *cert. denied*, 286 N.C. 412, 211 S.E.2d 793 (1975). This rule was later extended to apply also to "public figures." *See Curtis Pub. Co. v. Butts*, 388 U.S. 130, 18 L.Ed.2d 1094 (1967). In the case of "private" individuals, persons who have not invited public attention, a lesser showing of fault rather than actual malice is required to recover damages for "actual injury" arising from defamatory statements. *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 41 L.Ed.2d 789 (1974).

On the basis of the uncontradicted evidence before this Court, we find that the trial court did not err in granting summary judgment for defendants. For purposes of this appeal and on the basis of the record, we conclude that plaintiff is a private individual. She has, however, failed to forecast evidence which would meet even the lesser requirement that defendants were at fault or negligent in publishing the two articles about her. *Gertz, supra; Walters v. Sanford Herald*, 31 N.C. App. 233, 228 S.E.2d 766 (1976).

The editor of the *Avery Journal* stated in detail in her affidavit and deposition that most of the information in the statements quoted above was taken from wire service stories published in such newspapers as *The Charlotte Observer*, *The Winston-Salem Journal*, *The Asheville Citizen*, *The Greensboro Daily News*, and *The News and Observer*. One of these articles was an Associated Press dispatch published in the *Charlotte Observer* on 24 November 1977 which reported the sworn courtroom testimony of Kirk Anderson, the Mormon missionary plaintiff was charged in England with kidnapping. The graphic testimony charges that plaintiff and an accomplice abducted Anderson and chained him to a bed, at which time plaintiff performed oral sex upon him and, having stimulated him against his will, proceeded to have sexual intercourse with Anderson against his will.

Defendant Cantrell relied on reputable wire services and daily newspapers in writing the first part of her summary quoted above. The articles in the *Avery Journal* also were substantially in accord with the contents of the stories relied upon. As a matter of law, we do not think that Cantrell's reliance on the articles could constitute negligence on her part. *See Nelson v. Associated Press, Inc.*, 667 F. Supp. 1468 (S.D.Fla. 1987); *Appleby v. Daily Hampshire Gazette*, 395 Mass. 32, 478 N.E.2d 721 (1985). There was nothing inconsistent or improbable in the articles upon which Cantrell relied which should have prompted her to investigate the reliability of the stories. *Id.* This is a case in which application of what has been termed the "wire service" defense in other jurisdictions is appropriate. *Id.* The sources relied upon by defendant Cantrell are known for their accuracy and are regularly relied upon by local newspapers without independent verification.

Defendant Cantrell also was not negligent in relying on Sheriff Phillips to gain information regarding plaintiff's being listed on Interpol or as to the status of warrants sworn out against plaintiff.

In fact, consulting a law enforcement agency may have been the only avenue for obtaining this information.

Plaintiff has failed to present any forecast of evidence of an element necessary to her claim, that is, that defendants were negligent in publishing the articles about her. Therefore, summary judgment was proper.

By her third Assignment of Error, plaintiff contends that the trial court erred in dismissing the second, third, fourth, fifth, and sixth claims for relief in her complaint. She fails to advance any specific argument in support of her contention that dismissal was improper as to the second, fifth, and sixth causes of action. Pursuant to Rule 28(a) of the N.C. Rules of Appellate Procedure, we therefore deem these arguments abandoned and do not address them. *State v. Wilson*, 289 N.C. 531, 223 S.E.2d 311 (1976).

[2] We turn now to plaintiff's argument that publication of the above quoted articles constituted intentional infliction of emotional distress, and that dismissal was improper. We disagree.

When matters outside the pleadings are presented and not excluded by the trial court on a motion to dismiss for failure to state a claim, the motion shall be treated as one for summary judgment. *DeArmon v. B. Mears Corp.*, 312 N.C. 749, 325 S.E.2d 223 (1985). It appears to us that in ruling on defendants' motion to dismiss plaintiff's emotional distress claim, the able trial judge undoubtedly considered the affidavits, depositions, and other evidence properly before the court and relevant to the emotional distress claim. We therefore find that this portion of the order should be treated by us as the granting of summary judgment in favor of defendants on the emotional distress claim. *Id.* We find summary judgment to be appropriate on this issue.

Viewing the evidence in the light most favorable to plaintiff, we find that no genuine issue of material fact exists as to the emotional distress claim, and defendants are entitled to judgment as a matter of law. *See Bicycle Transit Auth., Inc. v. Bell*, 314 N.C. 219, 333 S.E.2d 299 (1985). The tort of intentional infliction of emotional distress requires that the complainant show that the defendant engaged in (1) extreme or outrageous conduct, (2) which was intended to cause and did cause, (3) severe emotional distress to another. *Dickens v. Puryear*, 302 N.C. 437, 276 S.E.2d 325 (1981). Our review of the record shows that much of what defendant Can-

trell published was no more than a fairly innocuous condensation of numerous articles which had been published previously about plaintiff by reputable newspapers. The rest was information given to her by Sheriff Phillips. This conduct simply does not rise to the level of behavior "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Briggs v. Rosenthal*, 73 N.C. App. 672, 677, 327 S.E.2d 308, 311, *cert. denied*, 314 N.C. 114, 332 S.E.2d 479 (1985), *citing Restatement (Second) of Torts* § 46, Comment d. Although the stories may well have been upsetting to plaintiff, that reaction alone does not create a cause of action absent the requisite outrageous conduct along with intent to cause distress. Since we conclude that summary judgment was correct for this cause of action, we accordingly find no merit to plaintiff's assertion that the defendants conspired to cause her emotional distress.

As to defendants' cross-assignment of error that sanctions should have been imposed pursuant to G.S. § 1A-1, Rule 11, we remand this case to the trial court for findings of fact to support its conclusion of law that sanctions are inappropriate. *Turner v. Duke University*, 325 N.C. 152, 381 S.E.2d 706 (1989).

We find no error in the trial court's taxing the costs of this action against plaintiff.

Affirmed in part and remanded with instructions.

Chief Judge HEDRICK and Judge EAGLES concur.