GREGORY N. TAYLOR v. TAYLOR PRODUCTS INCORPORATED, NATIONAL LEASE SERVICES, INC., RONALD TAYLOR AND OREN TAYLOR

No. 9112SC234

(Filed 17 March 1992)

1. **Rules of Civil Procedure § 56.7 (NCI3d)— denial of Rule 12(b)(6) motion to dismiss—subsequent summary judgment**

   The denial of defendants' Rule 12(b)(6) motion to dismiss for failure to state a claim for relief did not preclude another judge from subsequently granting defendants' motion for summary judgment.

   **Am Jur 2d, Dismissal, Discontinuance, and Nonsuit § 43; Summary Judgment § 27.**

2. **Contracts § 80 (NCI4th)— breach of contract—tender of performance—summary judgment improper**

   Defendants were not entitled to summary judgment on plaintiff's claim for breach of contract for the sale of corporate stock and assets by failing to make an annual payment where defendants submitted the affidavit of an attorney stating that he tendered the payment to plaintiff on the default date, but plaintiff offered an opposing affidavit in which plaintiff stated that defendants defaulted on the payment.

   **Am Jur 2d, Summary Judgment §§ 16-18.**

3. **Contracts § 90 (NCI4th)— anticipatory breach of contract— summary judgment improper**

   Defendants were not entitled to summary judgment on plaintiff's claim for anticipatory breach of a contract for the sale of corporate stock and assets where defendants offered an affidavit of one individual defendant stating that he did not threaten to withhold annual payments to plaintiff if a compromise settlement could not be reached, but plaintiff offered an opposing affidavit stating that tape recordings of conversations with the individual defendants will support his allegation that defendants told plaintiff that no further payments would be made to plaintiff unless plaintiff agreed to accept a lesser sum than was otherwise due plaintiff under the terms of the contract.

   **Am Jur 2d, Contracts §§ 733, 734; Summary Judgment §§ 16, 17.**

TAYLOR v. TAYLOR PRODUCTS, INC.

[105 N.C. App. 620 (1992)]

4. **Courts § 85 (NCI4th)— Rule 11 sanctions—denial by one judge—jurisdiction of second judge**

Where one superior court judge had previously denied Rule 11 sanctions based on defendants' contention that plaintiff's complaint was not grounded in law, a second superior court judge did not have jurisdiction subsequently to impose sanctions based on this same contention. However, the second judge did have jurisdiction to determine whether sanctions should be imposed on the grounds that discovery was sought by plaintiff for an improper purpose and that plaintiff's failure to accept defendants' offer of judgment exhibited an improper purpose where these issues were not before the first judge.

   **Am Jur 2d, Courts § 130.**

5. **Rules of Civil Procedure § 11 (NCI3d)— Rule 11 sanctions—absence of findings and conclusions—insufficient evidence to support sanctions—remand not necessary**

An order imposing or denying sanctions requires findings of fact and conclusions of law, and the trial court's failure to make findings and conclusions generally requires remand in order for the trial court to resolve any disputed factual issues. However, remand was not necessary when there was no evidence in the record which would support the imposition of sanctions against plaintiff on any basis asserted by defendants.

   **Am Jur 2d, Damages § 615; Depositions and Discovery § 357.**

6. **Rules of Civil Procedure § 11 (NCI3d)— Rule 11 sanctions—improper purpose—insufficient evidence**

Defendants' evidence was insufficient to support the imposition of Rule 11 sanctions against plaintiff on the ground that discovery sought by plaintiff in his action against defendants for breach of a contract for the sale of corporate stock and assets was for an improper purpose where defendants presented the affidavit of an individual defendant stating that plaintiff had previously deposed the two individual defendants and wanted to take their depositions again, that plaintiff subpoenaed documents from a corporation which was not a party to the lawsuit, and that the affiant "believed" that plaintiff's discovery requests were for the purpose of harassment and to seek information regarding an unrelated lawsuit. Deposing

TAYLOR v. TAYLOR PRODUCTS, INC.

[105 N.C. App. 620 (1992)]

a party twice is not prohibited and does not constitute harassment as a matter of law, Rule 45(c) authorizes obtaining documentary evidence from persons who are not parties to the lawsuit, and the affiant's subjective belief that the lawsuit was brought for an improper purpose is immaterial in determining whether sanctions should be imposed.

**Am Jur 2d, Damages § 615; Depositions and Discovery § 357.**

7. **Rules of Civil Procedure § 11 (NCI3d) — Rule 11 sanctions — failure to accept offer of judgment — insufficient evidence of improper purpose**

Plaintiff's failure to accept defendants' offer of judgment for the total amount due under a contract for the sale of corporate assets and stock did not show that plaintiff instituted an action on that contract for an improper purpose so as to support Rule 11 sanctions against plaintiff where plaintiff had a viable claim for treble damages under N.C.G.S. Ch. 75 at the time he refused to accept defendants' offer of judgment.

**Am Jur 2d, Damages § 615; Depositions and Discovery § 357.**

APPEAL by plaintiff from order filed 6 November 1990 in CUMBERLAND County Superior Court by *Judge D. B. Herring, Jr.* Heard in the Court of Appeals 3 December 1991.

*Beaver, Holt, Richardson, Sternlicht, Burge & Glazier, P.A., by Mark A. Sternlicht, and Parish, Cooke & Russ, by H. Gene Russ, for plaintiff-appellant.*

*Reid, Lewis, Deese & Nance, by Marland C. Reid and Cheryl D. Howell, for defendant-appellees.*

GREENE, Judge.

Plaintiff appeals from an order entered 6 November 1990, granting defendants' motion for judgment on the pleadings, N.C.G.S. § 1A-1, Rule 12(c) (1990), and imposing sanctions against plaintiff in the amount of defendants' attorney's fees pursuant to N.C.G.S. § 1A-1, Rule 11 (1990).

Plaintiff instituted this action against defendants Taylor Products, Inc., National Lease Services, Inc., Ronald Taylor, and Oren

## TAYLOR v. TAYLOR PRODUCTS, INC.

[105 N.C. App. 620 (1992)]

Taylor on 26 February 1990 seeking damages for breach of an "Agreement of Sale of Stock/Assets" pursuant to which defendants agreed to purchase plaintiff's interest in Taylor Products, Inc. and National Lease Services, Inc. for a total price of $140,000. The agreement, which is attached to plaintiff's complaint as an exhibit, provides that $15,000 of the purchase price is to be paid upon execution of the agreement, with the remainder payable in ten annual installments of $12,500 to begin on 1 January 1989. The agreement contains a provision which states that "all sums that have not been paid within ten (10) days after the date due are considered in default and the purchasers shall not be entitled to notice of default." Plaintiff alleges the following: (1) that defendants failed to make the $12,500 annual payment that was due on or before 1 January 1990, or within ten days thereafter, and that therefore defendants are in default; (2) that defendants anticipatorily repudiated the contract by telling plaintiff that unless plaintiff agreed to accept a lesser total sum than was otherwise due plaintiff under the terms of the contract, that no further payments would be made to plaintiff; and (3) that defendants' actions constitute unlawful and unfair methods of competition and unfair and deceptive acts and practices in violation of N.C.G.S. §§ 75-1.1 *et seq.* Plaintiff seeks damages in the amount of $112,500, and requests that the judgment be trebled pursuant to Section 75-16.

On 25 April 1990, defendants filed their answer, which included a motion to dismiss for failure to state a claim upon which relief can be granted, N.C.G.S. § 1A-1, Rule 12(b)(6), and a motion for sanctions pursuant to N.C.G.S. § 1A-1, Rule 11. In their answer, defendants denied plaintiff's allegation that the 1 January 1990 payment was not tendered by the due date or the default date, and pleaded as a bar to plaintiff's action the affirmative defenses of waiver and estoppel. In support of their Rule 11 motion, defendants argued that plaintiff's action was not grounded in fact or law, and was interposed for the purpose of harassment, specifically noting the "ongoing controversy" between plaintiff's father and the individual defendants. On 14 June 1990, Judge Craig B. Ellis heard and denied defendants' Rule 12(b)(6) and Rule 11 motions.

On 29 June 1990, defendants made an offer of judgment to plaintiff pursuant to N.C.G.S. § 1A-1, Rule 68, for the sum of $112,500, together with interest on the $12,500 payment that was due on 1 January 1990. On 17 October 1990, defendants filed a motion for judgment on the pleadings, N.C.G.S. § 1A-1, Rule 12(c), as well

as a second Rule 11 motion in which defendants sought attorney's fees on the grounds that (1) plaintiff's complaint was not grounded in law; (2) the discovery sought by plaintiff was for an improper purpose; and (3) that plaintiff's failure to accept defendants' offer of judgment exhibited an improper purpose. Defendants' motions were accompanied by several exhibits, including affidavits signed by Reuben Moore, attorney for defendant Ronald Taylor, and Ronald Taylor, as well as correspondence between plaintiff's attorney and defendants' attorneys. Plaintiff offered no evidence in opposition to the Rule 11 motion. In opposition to defendants' motion for judgment on the pleadings, plaintiff submitted his own affidavit. After hearing on these motions on 5 November 1990, Judge D.B. Herring, Jr., granted defendants' motion for judgment on the pleadings and for Rule 11 sanctions in the amount of $11,728.50, defendants' total attorney's fees.

---

The issues presented are whether I) Judge Herring was precluded from granting defendants' motion for judgment on the pleadings, which was converted to one for summary judgment, because Judge Ellis had previously denied defendants' Rule 12(b)(6) motion; II) material issues of fact preclude entry of summary judgment in favor of defendants; and III) the manner in which plaintiff conducted discovery, or his failure to accept defendants' offer of judgment, constitute a violation of the improper purpose prong of Rule 11.

I

[1] Plaintiff argues that Judge Herring was without authority to grant defendants' Rule 12(c) motion because Judge Ellis had previously denied defendants' Rule 12(b)(6) motion. It is unnecessary for us to address the question of whether a denial of a Rule 12(b)(6) motion precludes another judge from subsequently entering a Rule 12(c) order because here defendants offered in support of their Rule 12(c) motion the affidavits of individual defendant Ronald Taylor, and of his attorney, Reuben Moore. Thus, defendants' Rule 12(c) motion was converted to one for summary judgment. *Battle v. Clanton*, 27 N.C. App. 616, 618, 220 S.E.2d 97, 98 (1975), *disc. rev. denied*, 289 N.C. 613, 223 S.E.2d 391 (1976). Because the denial of a defendant's Rule 12(b)(6) motion does not prevent the subsequent granting of a motion for summary judgment, *Burton v. NCNB Nat'l Bank*, 85 N.C. App. 702, 704, 355 S.E.2d 800, 802 (1987), Judge

Herring was not without authority to enter summary judgment for defendants.

## II

When a defendant moves for summary judgment, he has the burden of showing that an essential element of the plaintiff's claim is nonexistent, or that the plaintiff cannot produce evidence to support an essential element of his claim. *Bicycle Transit Auth., Inc. v. Bell*, 314 N.C. 219, 223-24, 333 S.E.2d 299, 302-03 (1985). The defendant may meet this burden through the use of admissions in the pleadings, depositions on file, answers to interrogatories, admissions on file, stipulations, evidence of which the court may take judicial notice, material which would be admissible in evidence, oral testimony, or affidavits. *Battle v. Nash Technical College*, 103 N.C. App. 120, 128, 404 S.E.2d 703, 707 (1991) (Greene, J., concurring). Once the defendant meets his burden, the burden shifts to the plaintiff to present a forecast of evidence which shows that a genuine issue of material fact exists. *Cheek v. Poole*, 98 N.C. App. 158, 162, 390 S.E.2d 455, 458, *disc. rev. denied*, 327 N.C. 137, 394 S.E.2d 169 (1990). The plaintiff may not rest on the allegations in his complaint, *Five Star Enters., Inc. v. Russell*, 34 N.C. App. 275, 278, 237 S.E.2d 859, 861 (1977), and any affidavits used by either party must comply with the requirements of Rule 56(e), that is, they must be based on personal knowledge, must set forth facts which would be admissible in evidence, and must show that the affiant is competent to testify to the matters stated in the affidavit. N.C.G.S. § 1A-1, Rule 56(e) (1990).

Defendants sought and obtained the dismissal of all three of plaintiff's claims for relief. We review the arguments of plaintiff on each claim to determine whether summary judgment was proper.

## A

### *Breach of Contract Claim*

[2] An application of the foregoing principles reveals that defendants are not entitled to summary judgment on plaintiff's breach of contract claim. Although defendants submitted in support of their motion the affidavit of attorney Reuben Moore stating that Moore tendered the 1 January 1990 payment to plaintiff on the default date (10 January 1990), plaintiff offered an opposing affidavit in which plaintiff stated that defendants defaulted on this payment. The question of whether the payment was tendered by

the default date bears directly on plaintiff's claim for breach of contract, and the aforementioned evidence reveals that that issue is in dispute. *See Gore v. George J. Ball, Inc.*, 279 N.C. 192, 199, 182 S.E.2d 389, 393 (1971) (failure to render the performance required by the contract is a breach thereof). Therefore, the trial court's dismissal of plaintiff's breach of contract claim was error.

## B

### Anticipatory Repudiation Claim

[3] "[L]anguage that under a fair reading amounts to an intention not to perform [the contract] except on conditions which go beyond the contract constitutes a repudiation." John D. Calamari & Joseph M. Perillo, Contracts § 12-4 (3d ed. 1987) (hereinafter *Calamari & Perillo*). A repudiation is anticipatory when it takes place before a party's time for performance arises under the terms of the contract. *Id.* at § 12-3; *see also Cook v. Lawson*, 3 N.C. App. 104, 107, 164 S.E.2d 29, 32 (1968) (anticipatory breach is the "outcome of words evincing intention to refuse performance in the future"). The general rule is that an anticipatory repudiation will give rise to an action for total breach of the contract. *Calamari & Perillo* at § 12-8. However, this rule does not apply in the case of repudiation of an installment contract which contains no acceleration clause. *Roberts Co. v. Aladdin Knit Mills, Inc.*, 8 N.C. App. 612, 619, 175 S.E.2d 289, 293 (1970). In such a case, the aggrieved party is not entitled to immediately sue for the total amount of the contract, but must wait until each installment becomes due. *Id.* at 619, 175 S.E.2d at 293.

A factual dispute exists with regard to the alleged conduct on which plaintiff bases his claim for anticipatory repudiation. Defendants offered the affidavit of individual defendant Ronald Taylor in which he stated that, contrary to the allegations in plaintiff's complaint, "at no time did I threaten to withhold the January 1, 1990, payment if a compromise settlement could not be reached . . . ." In his opposing affidavit, plaintiff states that, in an attempt to gather evidence and information concerning defendants' "intentions to abide by or otherwise repudiate the contract," he taped the conversations between plaintiff and the individual defendants occurring after the default. Plaintiff states in his affidavit that such tapes will support and prove all of the allegations in plaintiff's complaint, one of which is that "defendants specifically and unequivocally told plaintiff that no further payments would be made

**TAYLOR v. TAYLOR PRODUCTS, INC.**

[105 N.C. App. 620 (1992)]

under this agreement unless plaintiff agreed to compromise his rights and . . . accept a much less lump sum payment than was otherwise payable to plaintiff under the terms [of] said agreement." Whether plaintiff's affidavit meets the requirements of Rule 56(e), one being that the facts stated must be admissible in evidence, is immaterial in light of the fact that defendants failed to make a timely objection to the form of plaintiff's affidavit. *Mozingo v. Pitt County Memorial Hosp., Inc.,* 101 N.C. App. 578, 584, 400 S.E.2d 747, 750, *disc. rev. denied,* 329 N.C. 498, 407 S.E.2d 537 (1991).

Because a genuine issue of material fact exists with regard to plaintiff's claim for anticipatory breach of the contract, the trial court's dismissal of this claim was error.

### C

### *Section 75-1.1 Claim*

Plaintiff in his brief fails to discuss his claim for unfair or deceptive acts or practices pursuant to Section 75-1.1. Accordingly, we deem this argument abandoned, *see* N.C.R. App. P. 28(a) (1991) (questions not presented and discussed in party's brief deemed abandoned), and therefore affirm the grant of summary judgment on this claim.

### III

### *Sanctions—Rule 11*

[4] Plaintiff first argues that Judge Herring was without authority to sanction him because Judge Ellis had previously denied defendants' request for sanctions, and both of defendants' sanctions motions raised the same legal issues. The determination of whether to impose or deny Rule 11 sanctions presents a legal question, *Turner v. Duke,* 325 N.C. 152, 165, 381 S.E.2d 706, 714 (1989), and a trial judge is without jurisdiction to enter an order imposing or denying Rule 11 sanctions based on the same legal issue previously presented to and decided by another trial judge.[1] *Iverson v. TM One, Inc.,* 92 N.C. App. 161, 164, 374 S.E.2d 160, 163 (1988). Therefore,

---

1. The selection of the *type* of sanction to impose is a discretionary issue, *Turner,* 325 N.C. at 165, 381 S.E.2d at 714, therefore, if changed circumstances occur after entry of an interlocutory sanctions order, the issue of the type of sanction imposed may be subsequently reconsidered by another trial court. *Stone v. Martin,* 69 N.C. App. 650, 653, 318 S.E.2d 108, 110 (1984).

the question is whether the legal issues before Judge Herring were the same as those presented to and decided by Judge Ellis.

Defendants stated as the grounds for their first Rule 11 motion that the complaint was not grounded in law or fact and was interposed for the purpose of harassment. The bases for defendants' second Rule 11 motion were that the complaint was not grounded in law, the discovery sought by plaintiff was for an improper purpose, and plaintiff's failure to accept defendants' offer of judgment exhibited an improper purpose.[2] Thus, the common legal issue raised by both Rule 11 motions was whether plaintiff's complaint was grounded in law. Because Judge Ellis had previously *denied* sanctions based on plaintiff's complaint not being grounded in law, Judge Herring did not have jurisdiction to subsequently *impose* sanctions on the same grounds. Furthermore, the reasonableness of the belief that a complaint is warranted by existing law must be "judged as of the time the document was signed." *Bryson v. Sullivan*, 330 N.C. 644, 656, 412 S.E.2d 327, 333 (1992). Therefore, any events occurring after the denial of sanctions by Judge Ellis were not relevant to the issue of whether plaintiff's complaint was warranted by existing law.

In contrast, Judge Herring did have jurisdiction to determine whether plaintiff's use of discovery and failure to accept defendants' offer of judgment exhibited some improper purpose. These issues were not before Judge Ellis. Furthermore, in North Carolina, the duty imposed by the improper purpose prong of Rule 11 is a continuing one. *Bryson*, 330 N.C. at 658, 412 S.E.2d at 334. Accordingly, the denial of sanctions does not insulate a party or an attorney from the future imposition of sanctions under the improper purpose prong of Rule 11 if the litigation is continued "after subsequent developments in the case render it meritless." *Id.* at n.2. We now review the record to determine if there is competent evidence to support the imposition of sanctions on plaintiff.

---

2.. We note that defendants did not seek sanctions pursuant to N.C.G.S. § 1A-1, Rule 26(g), even though they allege an improper purpose on plaintiff's part relating to discovery requests. However, this failure to proceed under Rule 26(g) is not material because the language of Rule 26(g) is essentially the same as the language of Rule 11. *See Turner* (applying Rule 11 to ·discovery abuse). Therefore, the procedure for imposing sanctions under Rule 11 is the same as the procedure for imposing sanctions under Rule 26(g).

**TAYLOR v. TAYLOR PRODUCTS, INC.**

[105 N.C. App. 620 (1992)]

## Procedure

We must first determine whether defendants alleged and offered any competent evidence of improper purpose on the part of plaintiff which justifies the imposition of sanctions. The nature and detail of defendants' allegation is relevant because due process requires that an alleged Rule 11 offender be given timely notice, not only that sanctions are being sought or considered, but of the bases for those sanctions and against whom they are sought. Gregory P. Joseph, Sanctions: The Federal Law of Litigation Abuse § 17(D)(1) (1989). In order to timely notify the alleged Rule 11 offender, Rule 6(d) requires that a Rule 11 motion be served on the alleged offender not later than five days "before the time specified for the hearing." N.C.G.S. § 1A-1, Rule 6(d) (1990). Here, defendants served plaintiff with notice of their second Rule 11 motion on 17 October 1990. The hearing was scheduled on 5 November 1990, therefore defendants complied with Rule 6(d). Although defendants' motion did not state any bases for the sanctions requested, defendants attached to the motion a memorandum setting forth in detail the bases asserted. Thus, defendants' Rule 11 motion and accompanying memorandum gave plaintiff adequate notice of the bases for the sanctions sought by defendants.

When the motion came on for hearing, the trial court, as it was required to do in this case, conducted an evidentiary hearing. *See In re Kunstler*, 914 F.2d 505, 521 (4th Cir. 1990), *cert. denied sub nom. Kunstler v. Britt*, --- U.S. ---, 113 L. Ed. 2d 669 (1991) (evidentiary hearing required when necessary to resolve issues of fact or issues of credibility prior to determining whether sanctions should be imposed). At the hearing, defendants presented affidavits in support of their Rule 11 motion. *See* N.C.G.S. § 1A-1, Rule 43(e) (1990) (when motion is based on facts not appearing of record, the parties may present evidence in form of affidavits). We note that any affidavits submitted, either in support of or in opposition to a Rule 11 motion, must be based on personal knowledge, must set forth facts which would be admissible in evidence, and must show that the affiant is competent to testify to the matters stated therein. *Cf.* N.C.G.S. § 1A-1, Rule 56(e) (1990). Although permitted in the discretion of the court, neither party presented any oral testimony or depositions. N.C.G.S. § 1A-1, Rule 43(e) (1990); *see also* Fed. R. Civ. P. 11 advisory committee's note (discovery in Rule 11 proceedings is permitted only by leave of court, and only in extraordinary circumstances). Though the trial court, as it was

required to, gave plaintiff an opportunity to present evidence, plaintiff presented none. *See* Stephen A. Stallings, Note, *Rule 11: What Process Is Due?*, 62 St. John's L. Rev. 586, 598-99 (1988) (individual facing possible sanctions should be given the opportunity to provide competent evidence in opposing sanctions). The attorneys for both plaintiff and defendants presented oral argument. At the conclusion of the hearing, the trial court, without making any findings of fact or conclusions of law, ordered that plaintiff pay $11,728.50 to reimburse defendants for attorney's fees expended in defense of the action, plus costs.[3]

[5]   The trial court's failure to enter findings of fact and conclusions of law was error. It is now well established in North Carolina that an order imposing or denying sanctions requires findings of fact and conclusions of law. *Turner*, 325 N.C. at 165, 381 S.E.2d at 714; *see also McKinney v. Avery Journal, Inc.*, 99 N.C. App. 529, 534, 393 S.E.2d 295, 298, *disc. rev. denied*, 327 N.C. 636, 399 S.E.2d 123 (1990) (remanding case to trial court for findings of fact to support its conclusion of law that Rule 11 sanctions were inappropriate). This error generally requires remand in order for the trial court to resolve any disputed factual issues. When there is any competent evidence in the record to support the choice of findings, this Court is bound thereby. *Hollerbach v. Hollerbach*, 90 N.C. App. 384, 387, 368 S.E.2d 413, 414 (1988). However; remand is not necessary when there is no evidence in the record, considered in the light most favorable to the movant, which could support a legal conclusion that sanctions are proper. *See Texas Western Financial Corp. v. Mann*, 36 N.C. App. 346, 349, 243 S.E.2d 904, 907 (1978). Because our review of the record reveals no evidence to support an award of sanctions on any of the bases asserted by defendants, remand is not necessary in this case.

### Discovery

[6]   Defendants offered in support of their argument that plaintiff's prosecution of this action was for an improper purpose the affidavit of defendant Ronald Taylor (Ronald). In support of defendants' asser-

---

3. We note that plaintiff did not sign or verify the complaint in this case. However, this absence of the represented party's signature is immaterial because "Rule 11(a) allows the trial court to impose sanctions on the *signer* of the pleading, 'a represented party, or both . . . .' " *Higgins v. Patton*, 102 N.C. App. 301, 305, 401 S.E.2d 854, 856 (1991); *see also* Fed. R. Civ. P. 11 advisory committee's note (appropriate to impose sanctions on a non-signing client).

tion that plaintiff conducted discovery for an improper purpose, Ronald states that (1) plaintiff previously deposed Ronald and Oren Taylor and now "wants to take our depositions again"; (2) plaintiff subpoenaed documents from Taylor Manufacturing, Inc., which is not a party to this lawsuit, and is seeking financial information on the four Taylor companies for the period 1987 through 1989; (3) none of the information sought by plaintiff deals with the merits of plaintiff's lawsuit against defendants for payment of the stock; and (4) "I believe . . . plaintiff is trying to obtain this information to give to his father so that his father can use it against us in some way." These statements are insufficient to support a finding of improper purpose.

First, the bare assertion that plaintiff "wants to take our depositions again" is insufficient to meet defendants' burden of proving improper purpose. The record contains no such notice of deposition by plaintiff, *see* N.C.G.S. § 1A-1, Rule 30 (1990) (notice of deposition must be in writing and served on all parties), nor does Ronald state when or for what purpose plaintiff seeks to depose him and Oren Taylor. Furthermore, even if plaintiff has properly noticed a second deposition of both Ronald and Oren Taylor, our discovery rules do not expressly prohibit deposing a party twice, nor are we persuaded that deposing a party twice constitutes harassment as a matter of law, as Ronald implies. Second, although defendants fail to include in the record a copy of the subpoena *duces tecum* that Ronald states plaintiff served on non-party Taylor Manufacturing, Inc., N.C.G.S. § 1A-1, Rule 45(c) provides express authority for obtaining documentary evidence from any person, whether or not the person is a party to the lawsuit. Moreover, Ronald fails to specify what documents plaintiff subpoenaed, and fails to offer any grounds for his assertion that such a request was improper, other than the immaterial fact that the recipient of the subpoena is not a party. Thus, Ronald has failed to meet his burden of proving that this discovery request violates the improper purpose prong of Rule 11. Third, although Ronald states that "none of the information" requested by plaintiff deals with the merits of the instant lawsuit, he fails to specify how such requests are unrelated, and again fails to include in the record any of the objectionable requests. Finally, Ronald's "belief" that plaintiff's discovery requests are for the purpose of harassment and to seek information regarding an unrelated lawsuit is not competent evidence to support defendants' Rule 11 motion. The movant's subjective belief

### TAYLOR v. TAYLOR PRODUCTS, INC.

[105 N.C. App. 620 (1992)]

that the lawsuit has been brought for improper purposes is immaterial in determining whether an alleged offender's conduct is sanctionable, and the court must ignore such evidence. *Kunstler*, 914 F.2d at 518-19.

### Failure To Settle

**[7]** Defendants argued before Judge Herring and reassert before this Court that plaintiff's failure to accept defendants' offer of judgment in the amount of $112,500 plus interest is further evidence warranting sanctions upon plaintiff. We disagree. Plaintiff in his complaint alleges a violation of N.C.G.S. § 75-1.1, and seeks damages pursuant thereto. If successful, such a claim would have entitled plaintiff to treble damages. N.C.G.S. § 75-16 (1988). With our affirming of Judge Herring's dismissal of plaintiff's Chapter 75 claim, plaintiff is not now entitled to recover treble damages. However, we must not judge plaintiff's refusal to accept defendants' offer of judgment using the wisdom of hindsight, but rather should view it in light of the circumstances existing at the time of the offer. *See* Fed. R. Civ. P. 11 advisory committee's note.

At the time of defendants' offer of judgment, plaintiff had a viable Chapter 75 claim, the trial court having denied defendants' Rule 12(b)(6) motion and defendants' motion for sanctions based on plaintiff's claim not being warranted by existing law. Moreover, defendants' offer of judgment, though it included the total amount due plaintiff under the contract, did not take into account the treble damages sought by plaintiff. Thus, plaintiff's decision to proceed with rather than settle the lawsuit was objectively reasonable and cannot itself support a conclusion that the continued pursuit of this action was for an improper purpose. *See Bryson*, 330 N.C. at 663, 412 S.E.2d at 337 (violations of improper purpose prong of Rule 11 determined by inferring subjective state of mind of alleged offender from his objective behavior).

We are aware that a claim, while well grounded in law, can nevertheless violate the improper purpose prong of Rule 11. *Id.* However, defendants offer no evidence of improper purpose related to plaintiff's failure to accept the offer of judgment, other than the mere fact that they offered plaintiff the total amount due under the contract and he refused it. Absent other meritorious evidence of improper purpose, we conclude that plaintiff's failure to settle this case by refusing to accept defendants' offer of judgment does not rise to the level of a violation of Rule 11.

For the foregoing reasons, Judge Herring's order dismissing plaintiff's claims for breach and anticipatory breach of contract is reversed; his order dismissing plaintiff's claim pursuant to Section 75-1.1 is affirmed; and his order imposing Rule 11 sanctions on plaintiff in the amount of $11,728.50 is reversed.

Reversed in part, affirmed in part, and remanded.

Judges PARKER and WYNN concur.