ED COCHRAN v. PIEDMONT PUBLISHING COMPANY INC., AN AFFILIATE OF MEDIA GENERAL, INC.; AND JOE GOODMAN; AND RAY DOWNEY-LASKOWITZ, INDIVIDUALLY, AND IN THEIR RESPECTIVE CAPACITIES AS THE PUBLISHER, CITY EDITOR, MANAGING EDITOR, AND PHOTOGRAPHER OF THE WINSTON-SALEM JOURNAL AND SENTINEL

No. 8221SC580

(Filed 7 June 1983)

**Libel and Slander § 18— libel—punitive damages—actual malice—genuine issue of material fact**

> The trial court erred in entering summary judgment for defendants on the issue of punitive damages in a libel action where a genuine issue of material fact was presented as to whether defendants were guilty of "actual malice" in publishing a newspaper photograph of plaintiff and others with a caption stating that the persons in the photograph were hungry and were waiting for money to enable them to get something to eat.

APPEAL by plaintiff from *Collier, Judge.* Judgment entered 17 March 1982 in Superior Court, ALEXANDER County. Heard in the Court of Appeals 19 April 1983.

Plaintiff filed a complaint on 2 March 1981 alleging that defendants had libeled him, and requesting compensatory and punitive damages. Specifically, plaintiff alleged that on or about 8 November 1980 defendants had published, on the front page of the Winston-Salem Journal and Sentinel, a picture of plaintiff sitting on a bench with three other people. The printed caption beneath the picture read "Waiting for Godot. For these people, sitting on a bench on Marshall Street, much of life seems to be waiting. They are hungry, they say, and are waiting for some money to get something to satisfy their hunger. And tomorrow? That will be a day for more waiting."

Prior to trial defendants filed a motion for summary judgment. The trial court granted partial summary judgment in favor of defendants as to plaintiff's claim for punitive damages. From this partial summary judgment plaintiff immediately appealed.

*Harbinson, Harbinson & Parker, by Joel C. Harbinson and Kimberly T. Harbinson, for plaintiff-appellant.*

*Womble, Carlyle, Sandridge & Rice, by Charles F. Vance, Jr., W. Andrew Copenhaver and M. Ann Anderson, for defendant-appellees.*

EAGLES, Judge.

The lower court's ruling left for trial the issue of whether plaintiff is entitled to compensatory damages for libel. The sole issue presented on this appeal is whether the trial court properly entered partial summary judgment in favor of defendant on plaintiff's claim for punitive damages. The record in this case indicates a factual dispute as to the content of the verbal exchange between the persons in the photograph and the defendants' photographer at the time the photograph was taken. Because of this factual dispute, the resolution of which would bear on the punitive damages issue, we must hold that the trial court improperly granted partial summary judgment in favor of defendant. We hold that the issue of punitive damages should be submitted to the jury.

Rule 56(c) of the North Carolina Rules of Civil Procedure provides that summary judgment shall be granted when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." In order to recover compensatory damages for libel, plaintiff must first establish that the caption beneath the photograph contained false information, *Brown v. Boney*, 41 N.C. App. 636, 255 S.E. 2d 784 (1979), and that the false information was published through the fault or negligence of the defendant. *Walters v. Sanford Herald, Inc.*, 31 N.C. App. 233, 228 S.E. 2d 766 (1976). To recover punitive damages plaintiff, a private figure, faces the additional burden of proving "actual malice" on the part of the defendants, by showing that the defendants published the libelous material with knowledge of its falsity or with reckless disregard for the truth. *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 41 L.Ed. 2d 789, 94 S.Ct. 2997 (1974); *Taylor v. Greensboro News Co.*, 57 N.C. App. 426, 291 S.E. 2d 852 (1982). The plaintiff may also show "actual malice" by establishing that the publication of libelous material was made with a high degree of awareness of probable falsity. *Taylor v. Greensboro News Co., supra.*

Whether defendants published the picture and caption with "actual malice" is a fact material to the issue of punitive damages

under the holding in *Gertz*. If a genuine issue exists as to that fact, summary judgment would be improper.

We hold that in the case *sub judice* the absence or presence of "actual malice" on the part of the defendants is a genuine issue as to a material fact. Plaintiff's deposition contained the statement: "That's false, what they've got under that picture. There's no such thing, there was nothing said like that. We didn't tell that photographer we were hungry." It would be possible for the jury to find for the plaintiff on the issue of punitive damages if plaintiff is able to prove at trial that the persons in the photograph did not tell the photographer that they were hungry and were waiting for money to enable them to go get something to eat.

> Under the First Amendment there is no such thing as a false idea. However pernicious an opinion may seem, we depend for its correction not on the conscience of judges and juries but on the competition of other ideas. But there is no constitutional value in false statements of fact. Neither the *intentional lie* nor the careless error materially advances society's interest in "uninhibited, robust, and wide-open" debate on public issues. [Citation omitted.] [Emphasis added.]

*Brown v. Boney*, 41 N.C. App. at 648, 255 S.E. 2d at 791, quoting *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 339-40, 94 S.Ct. 2997, 3007, 41 L.Ed. 2d 789, 805 (1974). "[M]edia defendants can[not] escape liability where the evidence discloses the publication of false factual statements under the guise of editorializing." *Id.*

Since there is a factual dispute between the parties and since summary judgment is not favored where proof of actual malice is required of the plaintiff, *Hall v. Piedmont Publishing Co.*, 46 N.C. App. 760, 266 S.E. 2d 397 (1980), we hold that the trial court improperly granted partial summary judgment in favor of the defendant on the issue of punitive damages.

Reversed.

Judges WELLS and BECTON concur.