LARRY WARREN GIBBY v. JACK MURPHY, ROBERT ANDERSON, AND ORKIN EXTERMINATING CO., INC.

No. 8427SC366

(Filed 19 February 1985)

1. **Libel and Slander § 5.4— slander—false accusation of embezzlement—denial of directed verdict proper**

  Defendant's motion for a directed verdict in an action for slander was properly denied where plaintiff's evidence tended to show that defendants falsely accused plaintiff of being charged with crimes of embezzlement.

2. **Libel and Slander §§ 6, 10.1— libel—false accusation of embezzlement—no privilege**

The trial court erred by directing verdict for Orkin in an action for libel in which plaintiff offered evidence showing that an agent of Orkin took a letter written to plaintiff by defendant Murphy which accused plaintiff of embezzlement and fraud and published the letter to a customer's accountant, who in turn relayed it to her attorney. Orkin did not have a qualified privilege to publish the letter because it released to persons who were not proper parties accusations that plaintiff had committed a crime involving moral turpitude. However, there was no evidence of Murphy's involvement in the publication, and directed verdict in his favor was proper.

3. **Libel and Slander § 18— punitive damages—no evidence of actual malice —directed verdict proper**

The court did not err by directing a verdict against plaintiff on his claims for punitive damages in a defamation action where there was no evidence from which the jury might have concluded that any of the allegedly defamatory statements were made with actual malice.

APPEAL by defendants Robert Anderson and Orkin Exterminating Co., Inc., and cross-appeal by plaintiff from *Sitton, Judge.* Judgment entered 14 November 1983 in Superior Court, GASTON County. Heard in the Court of Appeals 29 November 1984.

This is a civil action wherein the plaintiff sued defendants Orkin Exterminating Company (hereinafter Orkin) and Jack Murphy for libel. He also sued Orkin and Robert Anderson for slander. Under each cause of action he sought punitive and actual damages.

Plaintiff offered evidence at trial which tended to show the following. Plaintiff was employed by defendant Orkin as a salesman of exterminating contracts. During the course of his employment, plaintiff made a sales call on Mrs. Clara C. Stroup. During the sales call, Mrs. Stroup bought an exterminating contract, and according to Gibby, a contract to have her house insulated by his stepfather. Mrs. Stroup gave plaintiff one check, payable to the order of Larry Gibby, for the sum of $3,849. Gibby cashed the check, and paid $1,428 to the defendant Orkin, and $2,421 to his stepfather for the insulation work.

On 1 January 1982, approximately a month after selling Mrs. Stroup the contracts, Gibby went to Hawaii for twelve days. On 18 January 1982, he returned to work. On approximately 27 Jan-

uary 1982, Jack Murphy, the Orkin District Office Manager, received a call from the Gastonia office informing him that Mrs. Stroup had called to complain that she felt she had been overcharged for the termite extermination. Murphy checked out the complaint, and after visiting her, he informed her that she would be paid for any overcharges.

On 28 January 1982, Murphy wrote Gibby a letter regarding the Stroup contract which in pertinent part stated:

I don't have to tell you the seriousness of this misappropriation of Company Funds, as well as fraudulent tactics with Mrs. Stroup. Gibby I want the following:

1— The return of the $2421.00 to Orkin in Gastonia—the difference between $3849.00 and $1428.00. . . .

2— The return of any other monies taken from Orkin returned to the Orkin Branch in Gastonia.

This letter was delivered to Gibby by an Orkin employee. Later in the day, Gibby's employment with Orkin was terminated.

Shortly after he received the letter, Gibby went to visit Mrs. Stroup. After determining that she did not want the insulation work, he returned the $2,421 to her attorney. On 2 February 1982, a copy of the 28 January 1982 letter was delivered, by an Orkin employee, to Mrs. Stroup's accountant, who turned it over to her attorney.

After plaintiff was terminated, he sought employment from Steel Specialty located in Charlotte, North Carolina. Gibby was interviewed by Frank Elmore, an acquaintance from high school. After he told Mr. Elmore that he had recently been employed by Orkin, Elmore called Orkin's Gastonia office. Elmore was referred to Mr. Anderson, the office manager. Elmore testified that Mr. Anderson told him, "Larry was no longer employed by Orkin, that they had a warrant outstanding for him for fraudulent misuse of money and told me that he wouldn't recommend Larry for any employment and I asked him again about the warrant and he stated that there was a warrant out for his arrest at that time for embezzlement and fraudulent misuse of money." Based at least in part upon this statement, which was false, Elmore refused to hire Gibby. Gibby was unable to obtain steady employment until February 1983.

At the close of plaintiff's evidence, the trial court directed a verdict against him on the libel cause of action because it found that any libelous actions of the defendants were covered by qualified privilege. The court also directed a verdict against plaintiff as to the issue of punitive damages on the slander issue.

Defendants offered no evidence. The jury found that Gibby had been slandered by Andrew's statement and concluded that he was entitled to recover $7,500 from Orkin and Anderson. From a judgment entered on the verdict, Anderson and Orkin appealed. From the judgment directing a verdict against him on the issues of libel and punitive damages, plaintiff cross-appealed.

*Lloyd T. Kelso for plaintiff appellee and cross-appellant.*

*Robert N. Burris for defendant appellants and cross-appellees.*

ARNOLD, Judge.

### *Defendants' Appeal*

[1] The gravamen of the defendants' appeal is that the trial court erred by denying their motion for a directed verdict as to the issue of slander. They base their argument upon the contentions that there was insufficient evidence of publication of any slanderous statement, and that there was insufficient evidence of damages. Defendants also contend the court erred by misstating the evidence in its summary to the jury.

Slander, oral defamatory utterances, may be actionable *per se*. Statements that are slanderous *per se* may form the basis of an action because in such cases malice and damages are presumed as a matter of law. Among statements which are slanderous *per se* are accusation of crimes or offenses involving moral turpitude, defamatory statements about a person with respect to his trade or profession, and imputation that a person has a loathesome disease. *Penner v. Elliott*, 225 N.C. 33, 33 S.E. 2d 124 (1945); *Williams v. Freight Lines and Willard v. Freight Lines*, 10 N.C. App. 384, 179 S.E. 2d 319 (1971).

The plaintiff offered evidence which tended to show that defendant Orkin, by and through its agent defendant Anderson, falsely accused him of being charged with the crimes of embezzle-

ment. This evidence is sufficient, if believed by a jury, to show slander *per se*. Therefore, the trial court properly denied the defendants' motion for a directed verdict. Since damages are presumed in slander *per se* the defendants' contentions that it was improper to allow an award of damages because of lack of evidence is also without merit.

Finally, as to defendants' argument that the trial court improperly summarized the evidence for the jury, we find no error. We have carefully reviewed the court's summarization and find it to be substantially correct, and in compliance with Rule 51 of the North Carolina Rules of Civil Procedure.

As to the defendants' appeal, we find no error in the trial court's judgment.

### Plaintiff's Cross-Appeal

[2]   The questions presented by plaintiff's appeal are whether the trial court erred by directing a verdict against the plaintiff as to the issues of libel, and whether it erred by directing a verdict against the plaintiff on the issues of punitive damages as to both of his causes of action.

With regard to the issue of libel, the plaintiff offered evidence, which when taken as true and in the light most favorable to him, showed the following. An agent of Orkin took a letter, written by defendant Murphy, accusing Gibby of being guilty of the crimes of embezzlement of company funds and fraud and published it to Mrs. Stroup's accountant who in turn relayed it to her attorney. This letter tended to subject Gibby to ridicule, public hatred, contempt and disgrace. The allegations found in the 28 January 1982 letter were libel *per se*, if a jury found them to be false. *See Arnold v. Sharpe*, 296 N.C. 533, 251 S.E. 2d 452 (1979). The question then becomes whether Orkin had a qualified privilege to publish the letter to Mrs. Stroup's accountant and attorney.

> A qualified or conditionally privileged communication is one made in good faith on any subject matter in which the person communicating has an interest, or in reference to which he has a right or duty, if made to a person having a corresponding interest or duty on a privileged occasion and in a manner and under circumstances fairly warranted by the

occasion and duty, right, or interest. The essential elements thereof are of good faith, an interest to be upheld, a statement limited in its scope to this purpose, a proper occasion, and publication in a proper manner and to proper parties only. The privilege arises from the necessity of full and unrestricted communication concerning a matter in which the parties have an interest or duty.

*Stewart v. Check Corp.*, 279 N.C. 278, 285, 182 S.E. 2d 410, 415 (1971), *quoting* 50 Am. Jur. 2d *Libel and Slander* § 195 (1970). The publication to Mrs. Stroup's accountant and attorney of the accusation that Gibby had on more than one occasion embezzled company funds and had defrauded Mrs. Stroup was not privileged, in its entirety, because it released to persons who were not proper parties accusations that Gibby had committed a crime involving moral turpitude. The trial court erred, therefore, in directing a verdict in the favor of Orkin. Plaintiff has failed, however, to offer any evidence of Jack Murphy's involvement in the publication of the libelous statements, thus, the court properly directed a verdict in his favor.

[3] Finally, we must determine whether the court erred by directing a verdict against the plaintiff on his claims for punitive damages. To recover punitive damages a private figure must prove "actual malice" on the part of the defendants. Actual malice may be proven by showing that the defendants published the defamatory material with knowledge that it was false, with reckless disregard to the truth, or with a high degree of awareness of its probable falsity. *Cochran v. Piedmont Publishing Co.*, 62 N.C. App. 548, 302 S.E. 2d 903, *disc. rev. denied*, 309 N.C. 819, 310 S.E. 2d 348 (1983), and *cert. denied*, --- U.S. ---, 83 L.Ed. 2d 30, 105 S.Ct. 83 (1984). Our examination of the record reveals no evidence from which the jury might have concluded that any of the allegedly defamatory statements were made with actual malice. The trial court properly directed a verdict against the plaintiff as to the issue of punitive damages.

The disposition of this appeal is as follows:

Defendants' appeal: No error.

Plaintiff's cross-appeal: Affirmed in part, reversed in part, and remanded for a new trial on the issue of whether Orkin Exterminating Company libeled the plaintiff.

Judges WELLS and BECTON concur.