STUART K. WARD v. JANET TURCOTTE

No. 853SC891

(Filed 18 February 1986)

**Libel and Slander § 16 — accusation of crime — statement made without good faith or probable cause — summary judgment for defendant improper**

    The trial court in an action for slander erred in entering summary judgment for defendant where the evidence tended to show that golf carts were vandalized; defendant, as a member of the country club, told the cart owner that plaintiff and others were guilty of the vandalism; defendant's evidence established her qualified privilege; but defendant's statement that she had "no earthly idea" where she had heard that plaintiff had committed vandalism and that she had not seen plaintiff commit vandalism was sufficient to raise a genuine issue of material fact as to whether her statements were made without good faith or probable cause, thus constituting actual malice and defeating her claim of qualified privilege.

APPEAL by plaintiff from *Phillips, Judge*. Judgment entered 5 October 1984 in PITT County Superior Court. Heard in the Court of Appeals 16 January 1986.

Plaintiff filed this action on 23 September 1983, alleging that defendant slandered him and praying that compensatory damages

of $100,000 and punitive damages of $100,000 be recovered. After answering, defendant moved for summary judgment.

The forecast of the evidence before the trial court tended to show the following facts and circumstances. Gordon Fulp was the golf professional at the Greenville Country Club in 1982. He was the owner of all the golf carts at the club and solely responsible for their operation and maintenance. On three occasions carts at the club had been vandalized; the third time alone approximately twelve carts were damaged.

In September and October of 1982, Janet Turcotte was a "dependent member" of the Country Club, her husband Edward being a member. Ms. Turcotte approached Mr. Fulp in September and told him that she knew who had damaged his carts, mentioning the names of four local boys, including plaintiff. According to Mr. Fulp, when asked how she had obtained this information, Ms. Turcotte said that "one of her relatives or something that's at one of the schools had told her. And I said, 'Well, are you sure?' And she says, 'What she says is pretty reliable information.'"

Ms. Turcotte returned a week later to find out what action Mr. Fulp had taken against the four boys. Mr. Fulp replied that he was reluctant to pursue the matter, to which Ms. Turcotte answered, "Well, I would," and further reassured him that she had "good information." However, when asked later at a deposition where she had heard that plaintiff had been involved in the vandalism, defendant replied, "I have no idea where I heard it. . . . I have no earthly idea."

After examining the interrogatories, answers to interrogatories, affidavits and depositions offered, the trial court entered summary judgment for defendant. Plaintiff appealed.

*Paul W. White for plaintiff-appellant.*

*Jeffrey L. Miller for defendant-appellee.*

WELLS, Judge.

Summary judgment should be granted when a party establishes that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. N.C. Gen. Stat. § 1A-1, Rule 56 of the Rules of Civil Procedure; *Ipock v. Gilmore,* 73 N.C.

App. 182, 326 S.E. 2d 271, *disc. rev. denied*, 314 N.C. 116, 332 S.E. 2d 481 (1985).

Defendant admits in her brief that the elements of slander, as alleged by plaintiff, are sufficiently proven to overcome a motion for summary judgment. Thus, the only issue before this Court is whether defendant's forecast of the evidence on the issue of her qualified privilege defense leaves no genuine issue of material fact and entitles her to judgment as a matter of law.

> What constitutes a privileged occasion is defined [as] ". . . when for the public good and in the interests of society one is freed from liability that would otherwise be imposed on him by reason of the publication of defamatory matter. . . . [Qualified privilege] relates more particularly to private interests; and comprehends communications made in good faith, without actual malice, with reasonable or probable grounds for believing them to be true, on a subject matter in which the author of the communication has an interest, or in respect to which he has a duty, public, personal, or private, either legal, judicial, political, moral, or social made to a person having a corresponding interest or duty." [Citations omitted.]

*Ponder v. Cobb*, 257 N.C. 281, 126 S.E. 2d 67 (1962). Whether the occasion is privileged is a question of law for the court, subject to review, and not for the jury, unless the circumstances of the publication are in dispute. *Stewart v. Check Corp.*, 279 N.C. 278, 182 S.E. 2d 410 (1971). Qualified privilege is an affirmative defense and must be specially pleaded. *Id.* The burden is on defendant to establish facts sufficient to support this plea. *Id.* Where qualified privilege exists, plaintiff cannot recover absent actual malice; the burden of proving actual malice rests on plaintiff. *Id.* Actual malice may be proven by showing that the defendant published the defamatory material with knowledge that it was false, with reckless disregard for the truth or with a high degree of awareness of its probable falsity. *Gibby v. Murphy*, 73 N.C. App. 128, 325 S.E. 2d 673 (1985).

Gordon Fulp owned, operated and maintained the golf carts and had an interest in determining the identity of the vandals. Ms. Turcotte had a moral and social duty to Mr. Fulp, the victim of a crime, to inform him of the perpetrators' identity. This duty

was buttressed by the Country Club rule that states, "The membership is strongly encouraged to report violators and damages." This duty constitutes a qualified privilege. *Ponder v. Cobb, supra.*

However, the defense of qualified privilege may be defeated by a showing of actual malice on the part of the declarant. *Stewart, supra.* Actual malice may be found in a reckless disregard for the truth, *Gibby, supra,* and may be proven by a showing that the defamatory statement was made in bad faith, without probable cause or without checking for truth by the means at hand. *Dellinger v. Belk,* 34 N.C. App. 488, 238 S.E. 2d 788 (1977), *disc. rev. denied,* 294 N.C. 182, 241 S.E. 2d 517 (1978).

In her deposition Ms. Turcotte stated that she had "no earthly idea" where she had heard that the plaintiff had committed vandalism. She also said that she had not seen the plaintiff vandalize the golf carts and had never heard of anyone seeing him vandalize the carts. This evidence is sufficient to raise a genuine issue of material fact as to whether Ms. Turcotte's allegations were made without good faith or probable cause, thus constituting actual malice. For this reason we hold that summary judgment was improvidently granted.

We note that, should the jury find actual malice on the part of defendant, defendant may be held liable for punitive damages as well as compensatory damages. *Cochran v. Piedmont Publishing Co.,* 62 N.C. App. 548, 302 S.E. 2d 903, *disc. rev. denied,* 309 N.C. 819, 310 S.E. 2d 348 (1983), *cert. denied,* --- U.S. ---, 105 S.Ct. 83, 83 L.Ed. 2d 30 (1984).

Reversed.

Judges ARNOLD and WEBB concur.