RUTH A. EURY v. NATIONWIDE MUTUAL INSURANCE COMPANY

No. 9220SC170

(Filed 2 March 1993)

**Insurance § 1140 (NCI4th)— underinsured motorist coverage— ownership of vehicle—evidence insufficient to determine— summary judgment improper**

The trial court erred by granting summary judgment for defendant in a declaratory judgment action to establish rights to underinsured motorist coverage where plaintiff was injured while riding in an automobile driven by her husband and insured by a policy issued by defendant to herself and her husband. Although plaintiff argues that the language of the policy does not exclude her from coverage because only those vehicles which are jointly owned by the named insured and the named insured's spouse are excluded from coverage, it could not be determined from the record whether the vehicle was owned by the plaintiff individually, by the plaintiff's husband (Mr. Eury) individually, by plaintiff and Mr. Eury jointly, or by someone else. Assuming that plaintiff has stated a viable claim, summary judgment is inappropriate because a material fact necessary to the plaintiff's claim remains in issue.

**Am Jur 2d, Automobile Insurance § 322.**

Appeal by plaintiff from judgment filed 30 December 1991 by Judge William H. Helms in Union County Superior Court. Heard in the Court of Appeals 14 January 1993.

EURY v. NATIONWIDE MUTUAL INS. CO.

[109 N.C. App. 303 (1993)]

On 16 August 1990 Nationwide Mutual Insurance Company issued to the plaintiff and her husband, Donald Eury, a personal automobile liability insurance policy. The policy provided coverage for four vehicles, including a 1983 Chevrolet pickup truck, with limits of $50,000 liability for bodily injury to one person and $50,000 underinsured motorist (UIM) coverage for bodily injury to one person.

On 7 October 1990 plaintiff was riding as a passenger in the 1983 Chevrolet truck driven by Mr. Eury and insured by Nationwide. Mr. Eury failed to stop and yield the right of way at a stop sign on rural road 1758 and collided with another car. Plaintiff alleged that she received "extremely serious and permanent physical injuries" in the accident which "would exhaust the limits of all of the coverages under the [Nationwide] policy. . . ." At the time of the collision the premiums had been paid and the Nationwide policy was in full force and effect.

Plaintiff demanded that Nationwide pay "underinsured motorist coverage to her in excess of the $50,000 limit for bodily injury liability coverage" for her damages. Nationwide refused. Plaintiff then filed this declaratory judgment action to establish her rights to underinsured motorist coverage. Plaintiff has also filed suit against Mr. Eury to recover for her personal injuries. That action is pending in Union County Superior Court. On 9 September 1991 and 11 December 1991, respectively, Nationwide and plaintiff filed motions for summary judgment. On 20 December 1991 the trial court signed an order allowing summary judgment in favor of the defendant. The order provided in part:

> [T]he Court finds that the insurance policy issued by the Defendant does not provide underinsured motorist coverage to the Plaintiff in connection with the automobile accident of October 7, 1990 involving Plaintiff and her husband Donald E. Eury (currently the subject of a Union County Superior Court Civil action entitled Ruth A. Eury vs. Donald E. Eury, 91-CVS-631) and Plaintiff's Complaint in this action is hereby dismissed with prejudice.

From entry of summary judgment, plaintiff appeals.

*Smith, Follin & James, by J. David James and Norman B. Smith, for the plaintiff-appellant.*

*Baucom, Claytor, Benton, Morgan, Wood & White, P.A., by Rex C. Morgan, for the defendant-appellee.*

EURY v. NATIONWIDE MUTUAL INS. CO.

[109 N.C. App. 303 (1993)]

EAGLES, Judge.

Plaintiff first argues that the trial court erred by denying her motion for summary judgment and entering summary judgment in favor of the defendant. Specifically, plaintiff argues that the specific terms of defendant's insurance policy do not exclude her from UIM coverage and that North Carolina's UM/UIM statutes provide her with UIM coverage.

> Summary judgment should be granted when a party establishes that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. N.C. Gen. Stat. § 1A-1, Rule 56 of the Rules of Civil Procedure; *Ipock v. Gilmore*, 73 N.C. App. 182, 326 S.E.2d 271, *disc. rev. denied*, 314 N.C. 116, 332 S.E.2d 481 (1985).

*Ward v. Turcotte*, 79 N.C. App. 458, 459-60, 339 S.E.2d 444, 446 (1986).

Plaintiff argues that the language of Nationwide's insurance policy does not exclude her from coverage because "[t]hat language can only be read as excluding from the definition of an uninsured motor vehicle [which includes an underinsured motor vehicle] those vehicles which are owned jointly by the named insured and the named insured's spouse."

Plaintiff next argues that she is afforded coverage pursuant to G.S. § 20-279.21(b)(3). That statute provides, in part, "[t]he term 'uninsured motor vehicle' shall not include: a. A motor vehicle owned by the named insured. . . ." Plaintiff contends that because defendant's policy lists both her and her husband as the named insured, that the statutory exclusion from coverage would require a vehicle to be jointly owned by both her and her husband.

We are unable to discern, from the record before us, whether the vehicle in question is owned by the plaintiff individually, by Mr. Eury individually, by the plaintiff and Mr. Eury jointly, or by someone else. In this record there is no automobile certificate of title and no stipulation, admission or similar proof to establish who owns the vehicle in question. Assuming *arguendo*, that the plaintiff has asserted a viable claim, summary judgment is inappropriate because a material fact necessary to the plaintiff's claim remains in issue. Accordingly, we must reverse the trial court's order of summary judgment and remand for appropriate proceedings below.

Reversed and remanded.

Judges ORR and WYNN concur.