RALPH HOWARD LEE, Plaintiff v. ELIZABETH C. LYERLY and NORTH CAROLINA VETERINARY MEDICAL ASSOCIATION, Defendants

No. COA94-1163

(Filed 19 September 1995)

**Libel and Slander § 43 (NCI4th)— accusation of stealing— privileged statement—sufficiency of evidence**

The trial court properly granted summary judgment for defendants in plaintiff's action for slander where the individual defendant, who was president of defendant association, conducted a private telephone conversation with the chairman of the association's audit committee during which she questioned

expenditures by plaintiff, who provided administrative management services for the association, and accused him of stealing, since the individual defendant's conversation was privileged in that she had a legitimate interest in the financial condition of the business; her telephone conversation was limited in scope to this purpose; the conversation was private; the chairman of the audit committee was a proper person for the president to talk to about financial affairs; and during the time the statements were allegedly made, an investigation was made by the treasurer which uncovered matters that would legitimately concern the individual defendant.

**Am Jur 2d, Libel and Slander §§ 273 et seq.**

Judge John C. MARTIN dissenting.

Appeal by plaintiff from judgment entered 1 August 1994 by Judge G.K. Butterfield, Jr. in Lenoir County Superior Court. Heard in the Court of Appeals on 22 August 1995.

*Wooten & Coley, by William C. Coley III, for plaintiff-appellant.*

*Cunningham, Dedmond, Petersen & Smith, by Bruce T. Cunningham, Jr., for defendant-appellees.*

WYNN, Judge.

Plaintiff appeals from an order granting defendants' motion for summary judgment. We affirm.

Plaintiff filed this action 5 March 1993 against defendants Elizabeth C. Lyerly and the North Carolina Veterinary Medical Association seeking compensatory and punitive damages for defamatory statements allegedly made by defendant Elizabeth C. Lyerly. Defendants answered denying the allegations and asserting the affirmative defense of privilege.

A motion to dismiss made by defendants pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure was denied on 30 August 1993. On 6 April 1994, defendants filed a motion for summary judgment. On 1 August 1994, the trial court granted defendants' motion for summary judgment and found that the conversation at issue was privileged and that plaintiff failed to present any evidence of actual malice.

Plaintiff Ralph Howard Lee, the president and sole shareholder of Veterinary Association Management, Inc., contracted to provide to defendant, the North Carolina Veterinary Medical Association (hereinafter NCVMA), administrative management services. Mr. Lee also agreed to serve as executive director of the NCVMA.

In 1992, defendant Dr. Lyerly, the president of the NCVMA, became concerned about certain checks, credit card charges, and business trip expenses made by Mr. Lee. It is alleged that Dr. Lyerly told Dr. Thomas C. Needham, the chairman of the audit committee, that she thought "Ralph Lee was stealing monies from the Association." In addition, Dr. Lyerly allegedly said that if "she did not get rid of Ralph Lee, nobody would," and that "Ralph Lee was too redneck to represent the NCVMA."

Summary judgment requires that we view the evidence in the light most favorable to the non-moving party. *Hinson v. Hinson*, 80 N.C. App. 561, 563, 343 S.E.2d 266, 268 (1986). If "the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits" show that there is no genuine issue of material fact, summary judgment will be rendered. N.C.R. Civ.P. 56(c)(1990). With the above in mind, the issue is whether the evidence taken in a light most favorable to plaintiffs was sufficient to establish any genuine issue of material fact. We hold as a matter of law, it was not.

Slander is defined as 'the speaking of base or defamatory words which tend to prejudice another in his reputation, office, trade, business, or means of livelihood.' *Long v. Vertical Technologies, Inc.*, 113 N.C. App. 598, 601, 439 S.E.2d 797, 800 (1994). Slander may be actionable *per se* or *per quod*. *Id*. Slander *per se* arises when the false remarks in themselves may form the basis of an action for damage in which both malice and damage are presumed as a matter of law. *Id*. In an action for slander *per quod*, the false statements may "be such as to sustain an action only when causing some special damage . . ., in which case both the malice and the special damage must be alleged and proved." *Id*.

Plaintiff contends that the statements made by Dr. Lyerly were slander *per se*. Among statements which are slanderous *per se* are accusation of crimes or offenses involving moral turpitude, defamatory statements about a person with respect to his trade or profession, and imputation that a person has a loathsome disease. *Gibby v. Murphy*, 73 N.C. App. 128, 131, 325 S.E.2d 673, 675 (1985). In order to come within the category of slander *per se* with respect to a trade or

[120 N.C. App. 250 (1995)]

profession, the false statement must do more than merely harm a person in his business. The false statement '(1) must touch the plaintiff in his special trade or occupation, and (2) must contain an imputation necessarily hurtful in its effect on his business.' *Tallent v. Blake*, 57 N.C. App. 249, 253, 291 S.E.2d 336, 339 (1982). Further, in order to be actionable, the defamatory statement must be false. *Long v. Vertical Technologies, Inc.*, 113 N.C. App. at 602-03, 439 S.E.2d at 801.

Even if a statement is deemed slanderous, certain communications may be recognized as privileged. *Id.* Privilege is a defense and does not destroy the actionable nature of defamatory communications. *Id.* To show that a qualified privilege exists, the essential elements are "good faith, an interest to be upheld, a statement limited in its scope to this purpose, a proper occasion and publication in a proper manner and the proper parties only." *Id.* at 602, 439 S.E.2d at 800. In addition, the qualified privilege may be lost by proof of actual malice on the part of the defendant. *Id.* Actual malice may be established by evidence of ill-will or personal hostility on the part of the declarant. *Clark v. Brown*, 99 N.C. App. 255, 263, 393 S.E.2d 134, 138, *cert. denied*, 395 S.E.2d 675 (1990). Actual malice may also be proven "by a showing that the declarant published the defamatory statement with knowledge that it was false, with reckless disregard for the truth or with a high degree of awareness of its probable falsity . . . ." *Id.* If the plaintiff cannot meet his burden of showing actual malice, the qualified privilege operates as an absolute bar to any recovery for the communication, even if the communication is false. *Id.*

The trial court determined, and we agree, that defendants' statements were entitled to a qualified privilege.

As president of the NCVMA, Dr. Lyerly had a legitimate interest in the financial condition of the business. Ultimately, it is the president who is charged with the responsibility of monitoring the financial soundness of any organization. Dr. Lyerly admitted that she had a telephone conversation with Dr. Needham about the finances of the organization. The statement was limited in its scope to this purpose. Additionally, the conversation at issue was a private conversation between Drs. Lyerly and Needham. Plaintiff admitted that he was not aware of Dr. Lyerly saying anything slanderous to any other person or in any context other than a private telephone conversation. Also, as chairman of the audit committee, Dr. Needham was a proper person for the president to talk to about financial affairs. An auditor is a person whose primary responsibility is to determine whether the organi-

zation's financial books are balanced. Moreover, if an audit was requested by Dr. Lyerly, then Dr. Needham would be the one to perform this duty. Therefore, Dr. Lyerly's statements are "presumed to be made in good faith and without malice, cancelling plaintiff's presumption of actual malice arising on statements defamatory *per se.*" *Clark v. Brown*, 99 N.C. App. at 263, 393 S.E.2d at 138.

When defendant's presumption of good faith rebuts plaintiff's presumption of actual malice, plaintiff assumes the burden of showing actual malice. *Id.* Our review of the evidence in the light most favorable to plaintiff shows no genuine issue of material fact as to the existence of actual malice. The evidence in the record indicates that Dr. Lyerly's primary concern was for the financial well-being of the organization. Indeed, plaintiff admitted that he could not point to any other reason why Dr. Lyerly investigated his expenses other than for financial considerations. Furthermore, during the time the statements were allegedly made, an investigation was made by the treasurer which uncovered matters that would legitimately concern Dr. Lyerly. The investigation revealed that Mr. Lee had taken a personal trip to England and charged it to the NCVMA Mastercard without the president's knowledge. Dr. Lyerly had also asked for an investigation into a large number of checks being written to cash without adequate explanation. The fact that an investigation occurred supports defendants' contention that no actual malice existed on the part of Dr. Lyerly.

For the foregoing reasons, we affirm entry of summary judgment.

Judge GREENE concurs.

Judge MARTIN, John C. dissents.

Judge MARTIN, John C. dissenting.

I respectfully dissent. Actual malice is not generally susceptible of direct proof; in cases such as this one involving alleged defamation, actual malice may be proven by evidence of ill-will or personal hostility on the part of the declarant. *You v. Roe*, 97 N.C. App 1, 387 S.E.2d 188 (1990). When considered in the light most favorable to plaintiff, Dr. Lyerly's statements that if she "did not get rid of Ralph Lee, nobody would" and "Ralph Lee was too redneck to represent the NCVMA" are sufficient evidence of ill-will and personal hostility to create a genuine issue of material fact as to whether her statement

accusing plaintiff of "stealing monies from the Association" was made with actual malice so as to overcome the defense of qualified privilege. Therefore, I believe summary judgment was inappropriate and I vote to reverse and remand this case for trial.